CAMPBELL, Acting Chief Judge.
Appellant, Douglas Rodante (Rodante), challenges the trial court order dismissing with prejudice his first-party bad faith complaint against appellee, Fidelity National Insurance Company (Fidelity). We affirm.
Rodante maintained a motor vehicle insurance policy with Fidelity. At issue here and below was Rodante’s $10,000 personal injury protection (PIP) coverage under Fidelity’s *1152 policy. On June 17, 1995, Rodante was injured in an automobile accident. He subsequently made a claim under Fidelity’s policy for PIP benefits. On March 14, 1996, and May 29, 1996, Fidelity paid all medical and other bills submitted by Rodante in connection with the accident. After paying those bills, there remained $7,375.84 in available PIP benefits under the policy. On May 9, 1996, Rodante made a claim for the remaining benefits available under the policy in the form of lost wages and earnings. Fidelity took that claim under advisement. On August 6, 1996, Rodante filed an action in the County Court of Hillsborough County for the remaining PIP benefits. On March 5, 1997, Fidelity paid the remaining benefits, thereby exhausting the available limits of the policy. Pursuant to Fidelity’s payment of its policy limits, Rodante on March 20,1997, dismissed his County Court action with prejudice. Thereafter, on July 7, 1997, Rodante filed a Notice of Insurer Violation with the Florida Department of Insurance alleging bad faith on the part of Fidelity under sections 624.155(l)(b)l and 626.9541(1)(I), Florida Statutes (1995), because “Fidelity refused to pay Mr. Rodante’s lost wages and loss of earning capacity. Fifteen months after demand for payment of such losses and after filing a lawsuit to recover same, Fidelity finally agreed to pay this meritorious claim.”
On September 18, 1997, Rodante filed his first-party bad faith action against Fidelity below. Fidelity moved to dismiss Rodante’s complaint for failure to state a cause of action on the basis that Fidelity’s payment of its PIP benefits limits and Rodante’s dismissal with prejudice of his County Court action for PIP benefits extinguished any right to a bad faith action. The trial judge agreed, ruling as follows:
1. that Florida Statute section 624.155(2)(a) requires as a condition precedent to the bringing of a statutory bad faith action that Notice of Insurer Violation be given in the manner prescribed by that section;
2. that Plaintiffs Notice as required [by] Florida Statute section 624.155(2)(a) was untimely in that it was served at a time when any bad faith cause of action did not exist or had been cured;
3. that pursuant to Florida Statute section 624.155(2)(d) no action can lie since Defendant paid its policy limits in full prior to the filing of Plaintiffs untimely Notice;
4. and that, as a result, Plaintiff has not stated and cannot state a cause of action for bad faith against Defendant.
We agree with the trial court. In regard to first-party bad faith claims, we approve the reasoning of Judge Glazebrook in Talat Enterprises, Inc. v. Aetna Casualty & Surety Co., 952 F.Supp. 773 (M.D.Fla.1996). An insurer’s payment to its insured of the limits of liability of PIP coverage prior to the filing of a section 624.155(2)(a) notice extinguishes any right of action for bad faith for the insurer’s failure to pay PIP claims that the insured might claim.
Affirmed.
QUINCE, J., and SCHEB, JOHN M., (Senior) Judge, concur.